NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**BENJAMIN GAL-OR,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

———————————

2011-5122

———————————

Appeal from the United States Court of Federal Claims in Case No. 09-CV-869, Judge Eric G. Bruggink

———————————

Decided: February 9, 2012

———————————

BENJAMIN GAL-OR, of Mindanao, Philippines, pro se.

SCOTT D. SLATER, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

———————————

Before BRYSON, DYK, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Benjamin Gal-Or ("Mr. Gal-Or") appeals an order of the United States Court of Federal Claims ("Court of Federal Claims") dismissing his claims against the United States ("Government"). In two decisions, the Court of Federal Claims dismissed Mr. Gal-Or's claims because it found: (1) it lacked subject matter jurisdiction over his takings claims; (2) most of his allegations of patent infringement were untimely; and (3) with respect to his timely patent infringement claims, Mr. Gal-Or lacked standing to sue because his complaint failed to join co-owners of the patent in suit. For the reasons explained below, we vacate and remand.

### BACKGROUND

Resolution of this appeal does not require a detailed recitation of the factual background of this case; accordingly, only the facts relevant to this appeal are discussed below.[1] Mr. Gal-Or, proceeding pro se, filed this suit on December 16, 2009. Shortly thereafter, in response to the Government's motion to dismiss, the Court of Federal Claims ordered Mr. Gal-Or to file an amended complaint, "setting out his claims with more precision." *Gal-Or v. United States*, 97 Fed. Cl. 476, 478 (2011). Specifically, the Court of Federal Claims ordered Mr. Gal-Or to "identify what property interests he owns and that he claims were infringed upon, including a copy of any patents"; "the dates of any patent issuances and whether they are foreign or domestic"; and "to assert when the claim accrued." *Id.*

In response, Mr. Gal-Or filed a forty-one page

---

[1] For a complete recitation of the facts see *Gal-Or v. United States*, 97 Fed. Cl. 476, 478 (2011).

amended complaint. *Id.* at 478 n.1. Although the amended complaint alleges patent infringement and takings of trade secrets, the Court of Federal Claims summarized it as follows:

> [T]he basis of [Mr. Gal-Or's] claims [i]s United States Patent 5,782,431 ("the Patent"),[2] which he co-owned with Dr. Valery Sherbaum and Dr. Michael Lichtsinder from 1998 to 2006, when the Patent expired because plaintiff chose to quit paying the required maintenance fees. Plaintiff alleges that at least six of his inventions have been, or are currently being, used by at least 35 different governmental agencies.

*Id.* at 478 (footnote added). The amended complaint discusses a series of meetings that Mr. Gal-Or had with various Government representatives between 1986 and 1997. *Id.* During these meetings, Mr. Gal-Or says he disclosed his trade secrets and details of the Patent. *Id.* Finally, the amended complaint identifies a number of Government projects that allegedly utilized the information he disclosed to produce various products. *Id.* at 478–80.

Once the amended complaint was filed, the Government moved to have it dismissed. *Id.* at 478. Specifically, the Government's motion argued that: (1) the Court of Federal Claims lacked subject matter jurisdiction over Mr. Gal-Or's Fifth Amendment takings claims; (2) the remaining claims were either untimely or failed to adequately state a claim for relief; and (3) Mr. Gal-Or lacked standing to sue because the co-owners of the Patent were not joined as plaintiffs to the suit. Addressing the merits

---

[2] The Patent relates to a thrust vectoring and reversing system utilized in flight control systems. U.S. Patent No. 5,782,431 abstract (filed Aug. 18, 1995).

of the Government's motion, the Court of Federal Claims construed Mr. Gal-Or's amended complaint as asserting that the Government infringed the Patent. *Id.* at 477 ("He claims that defendant has utilized his inventions without paying him compensation, thereby infringing on his patent and committing a taking under the Fifth Amendment of the United States Constitution."). Relying on *Zoltek Corp. v. United States*, 422 F.3d 1345, 1352 (Fed. Cir. 2006), the Court of Federal Claims dismissed all of Mr. Gal-Or's Fifth Amendment takings claims because "a patent infringement claim . . . cannot be evaluated as a Fifth Amendment claim under the Tucker Act"; instead it must be asserted under 28 U.S.C. § 1498(a).[3] *Gal-Or*, 97 Fed. Cl. at 480.

With respect to Mr. Gal-Or's claims for patent infringement filed pursuant to § 1498(a), the Court of Federal Claims noted that these claims were untimely unless the complaint was filed within six years after the claims first accrued. *Id.* (citing 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.")). Accordingly, all of Mr. Gal-Or's claims that first accrued before December 16, 2003, were untimely. *Id.* The Court of Federal Claims, moreover, concluded that, because the Patent expired in 2006, the Government could not be liable for its use of the Patent after 2006. *Id.*

---

[3]     This section states that:
Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims . . . .
§ 1498(a).

at 481. In light of these conclusions, the Court of Federal Claims determined that, except for his two claims related to the 2005 production of drone aircraft, all of Mr. Gal-Or's claims were untimely. *Id.* at 480–81.

After determining that Mr. Gal-Or's two timely infringement allegations stated a claim to relief that was plausible on its face, the Court of Federal Claims addressed the Government's standing argument. Because all co-owners of a patent must be joined in an infringement suit to create standing and not all of the co-owners of the Patent were plaintiffs to the suit, the Court of Federal Claims gave Mr. Gal-Or until April 1, 2011 to join the two other co-owners.[4] Prior to reaching this conclusion, the Court of Federal Claims determined that the signed statements from the co-owners authorizing Mr. Gal-Or to "represent them in this action" were insufficient to join them to the suit. *Id.* at 482.

In response to the Court of Federal Claims' order, Mr. Gal-Or filed a motion to join Drs. Sherbaum and Lichtsinder on April 8, 2011. Pl.'s Joinder Mot. at 1 *Gal-Or v. United States*, No. 1:09-cv-869 (Fed. Cl. Apr. 8, 2011), ECF No. 22. In this motion, however, Mr. Gal-Or simply resubmitted the co-owners' statements that the Court of Federal Claims had previously found to be insufficient. Order Granting Mot. to Dismiss at 1–2 *Gal-Or v. United States*, No. 1:09-cv-869 (Fed. Cl. July 21, 2011), ECF No. 26 ("*July 21, 2011 Order*"). In its response, the Government pointed out this deficiency. Mr. Gal-Or then obtained signed statements from Drs. Sherbaum and Lichtsinder asking to be joined as plaintiffs to the lawsuit

---

[4] Mr. Gal-Or filed a motion to reconsider the Feb. 28, 2010 decision. The Court of Federal Claims denied this motion. Order Den. Mot. for Recons. at 1–2 *Gal-Or v. United States*, No. 1:09-cv-869 (Fed. Cl. Apr. 12, 2011), ECF No. 24.

supported by their signed request. Mr. Gal-Or then sent his reply, including a motion to join Drs. Sherbaum and Lichtsinder, to Judge Bruggink's law clerk's email address. Joint Appendix 1–17. Mr. Gal-Or never filed this document, however. Because Judge Bruggink transitioned from one law clerk to another before the reply and motion to join were forwarded, moreover, it appears that the Court of Federal Claims either never received or did not realize it had received Mr. Gal-Or's reply. The Court of Federal Claims dismissed the amended complaint, finding that Mr. Gal-Or had not properly joined Drs. Sherbaum and Lichtsinder. *July 21, 2011 Order* at 2. This conclusion was based on Mr. Gal-Or's original response to Judge Bruggnik's show cause order, with no reference to Mr. Gal-Or's undocketed reply.

Mr. Gal-Or timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

This court reviews the Court of Federal Claims' legal determinations de novo. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). We review all of its factual determinations for clear error, which occurs when we are left with a "definite and firm conviction" that the Court of Federal Claims committed a mistake. *Hendler v. United States*, 175 F.3d 1374, 1378 (Fed. Cir. 1999) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 396 (1948)).

On appeal, Mr. Gal-Or argues that the Court of Federal Claims erred by: (1) dismissing his takings claims; (2) dismissing his patent infringement claims; and (3) misconstruing the amended complaint's factual allegations. For the reasons explained below, we partially agree with Mr. Gal-Or.

Because the amended complaint is not a model of clarity, the Court of Federal Claims' task was a difficult one. After reviewing the amended complaint, Mr. Gal-Or's motion for reconsideration, and his briefs before this court, however, we conclude that the Court of Federal Claims erred when it dismissed all of Mr. Gal-Or's takings claims. With respect to those claims, the Court of Federal Claims determined that, because the asserted taking involved a patent, the claims were not takings claims. *Gal-Or*, 97 Fed. Cl. at 480. Instead, the court characterized the claims as though they had been asserted under § 1498(a). *Id.* In light of *Zoltek*, the court's decision to characterize the claims based upon the Patent as claims brought under § 1498(a) is undoubtedly correct. *See Zoltek*, 442 F.3d at 1352–53 (concluding that a claim for the government's infringement of a patent is cognizable under §1498(a) and it is not a Fifth Amendment takings claim).

But, this conclusion does not address the entirety of Mr. Gal-Or's takings claims. While the amended complaint is difficult to follow, it clearly alleges that Count I is based upon takings of "trade secrets." Pl.'s Amended Compl. at 31 *Gal-or v. United States*, No. 1:09-cv-869 (Fed. Cl. Aug. 2, 2010), ECF No. 14. Review of Mr. Gal-Or's motion for reconsideration, moreover, identifies two different types of intellectual property, which he asserts provide the bases for his claims: (1) the Patent; and (2) thirty-five trade secrets. Pl.'s Objections and Recons. Mot. at 1–2 *Gal-Or v. United States*, No. 1:09-cv-869 (Fed. Cl. Apr. 8, 2011), ECF No. 23. In combination, the amended complaint and this motion make clear that Mr. Gal-Or not only asserted that the Government infringed the Patent, but also asserted that the Government misappropriated certain of his trade secrets, giving rise to Fifth Amendment takings claims. *Id.* at 11 ("What was claimed

are multiple takings of Property B [the Trade Secrets] throughout 1986-2009 and multiple infringement throughout 1995-2006."). Despite this, the Court of Federal Claims interpreted the amended complaint as alleging only that the Government "utilized his inventions without paying him compensation, thereby infringing on his patent and committing a taking under the Fifth Amendment of the United States Constitution." *Gal-Or*, 97 Fed. Cl. at 477; *see also id.* at 478 ("Plaintiff identifies the basis of his claims as United States Patent 5,782,431 . . . ."). On appeal, Mr. Gal-Or asks this court to take account of his trade secret claims and to direct the Court of Federal Claims to do so as well. Appellant's Br. 10.

It is undisputed that trade secrets are protected by the Taking Clause of the Fifth Amendment. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003–04 (1984) ("We therefore hold that to the extent that Monsanto has an interest in its health, safety, and environmental data cognizable as a trade-secret property right under Missouri law, that property right is protected by the Taking Clause of the Fifth Amendment."). In light of this fact, the Court of Federal Claims erred when it determined that the amended complaint did not state Fifth Amendment takings claims with respect to Mr. Gal-Or's alleged trade secrets. We express no opinion on the merits of these claims; we find only that they were alleged in the amended complaint, and, thus, that the Court of Federal Claims must address them in the context of the Government's motion to dismiss.

Although we acknowledge that the Court of Federal Claims raised, in a footnote, the possibility that Mr. Gal-Or asserted claims with respect to other property, *Gal-Or*, 97 Fed. Cl. at 480 n.10, its conclusion that these claims would, nonetheless, be disposed of by its statute of limitations analysis was incorrect. Even if the Court of Federal

Claims were correct that only two of Mr. Gal-Or's infringement claims were timely, which we find it was, the court's analysis of those claims does not resolve the timeliness of Mr. Gal-Or's trade secret takings claims.

First, the amended complaint seems to assert that all of the Government's actions involved use of both the Patent and Mr. Gal-Or's trade secrets. Accordingly, to the extent that Mr. Gal-Or has asserted two timely claims of infringement, it appears likely that he has also asserted two timely takings claims with respect to his trade secrets. Second, because the Patent expired in 2006, the Court of Federal Claims determined that there could be no valid infringement claims after this date. Mr. Gal-Or's trade secrets did not, however, cease to exist merely because the Patent, covering different technology, expired. It is entirely possible, therefore, that Mr. Gal-Or has additional timely takings claims after 2006. Finally, we have not yet had occasion to address the rules governing accrual and tolling of trade secret related takings claims. The Court of Federal Claims, therefore, erred when it determined that Mr. Gal-Or did not assert any takings claims and that, even if he did, they were all untimely. On remand, the Court of Federal Claims needs to address these issues.

Next, Mr. Gal-Or argues that the Court of Federal Claims erred when it dismissed his two timely claims for infringement because he failed to join all of the co-owners of the Patent. We disagree. "Absent the voluntary joinder of all co-owners of a patent, a co-owner alone will lack standing" to sue for patent infringement. *Isr. Bio-Eng'g Project v. Amgen Inc.*, 475 F.3d 1256, 1264-65 (Fed. Cir. 2007) (citation omitted). Here, it is undisputed that Drs. Sherbaum and Lichtsinder are co-owners of the Patent. *Gal-Or*, 97 Fed. Cl. at 478. The letters from Drs. Sherbaum and Lichtsinder, stating that Mr. Gal-Or will fully

represent them in this action, standing alone, are insufficient to join them as plaintiffs to the suit. For this reason, the Court of Federal Claims did not err when it dismissed Mr. Gal-Or's remaining infringement claims based on the record before it.

This conclusion does not necessarily dispose of his takings claims, however. As with the Patent, Drs. Sherbaum and Lichtsinder are also co-owners of the trade secrets at issue in this case. It is unclear whether, as a matter of law, all co-owners of a trade secret must be joined to an action to provide standing. *See Tullett Prebon PLC v. BGC Partners*, 427 F. App'x 236, 239 (3d Cir. 2011) (unpublished) (holding that, under the facts of the case, two co-owners of a trade secret were necessary parties to a suit for misappropriation of that trade secret). Because determining whether a party is a necessary party is a fact intensive inquiry, moreover, the Court of Federal Claims should address this question in the first instance. Accordingly, we vacate the Court of Federal Claims' judgment dismissing the amended complaint.[5]

Because we are vacating the Court of Federal Claims' judgment, on remand, the trial court may consider Mr. Gal-Or's assertion that he forwarded to the court a reply memorandum and motion to join Drs. Sherbaum and Lichtsinder, which included more detailed documentation regarding their desire to participate in this action. Given the leniency with which it is to review pro se filings, the Court of Federal Claims may consider this filing as a Motion for Relief from Judgment pursuant to Rule

---

[5] In light of our conclusions that the Court of Federal Claims' judgment must be vacated, Mr. Gal-Or's arguments with respect to the court's misconstruction of certain factual allegations contained in his complaint are moot.

12(b)(6) with respect to the judgment dismissing Mr. Gal-Or's infringement claims. The court may also weigh that submission in connection with its assessment of Mr. Gal-Or's takings claims.

CONCLUSION

While we find no fault with respect to the Court of Federal Claims' dismissal of Mr. Gal-Or's infringement claims, because we conclude that it incorrectly determined that Mr. Gal-Or did not allege any takings claims with respect to his trade secrets, we vacate the Court of Federal Claims' judgment and remand for further proceedings. On remand, the Court of Federal Claims should determine whether these takings claims are timely and whether Drs. Sherbaum and Lichtsinder must be joined to this suit. In addition, it should determine what consideration it should give to Mr. Gal-Or's reply to the court's show cause order.

**VACATED AND REMANDED**